Mr. Rory D. McWhorter 15200 Russell Road Siloam Springs, AR 72761 Dear Mr. McWhorter:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the following popular name and ballot title for a proposed amendment to the Arkansas Constitution:
 Popular Name DEFENSE OF MARRIAGE CONVENTION CALL TO THE UNITED STATES CONGRESS Ballot Title DEFENSE OF MARRIAGE CONVENTION CALL TO THE UNITED STATES CONGRESS
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to pass on the sufficiency of the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. This process is in aid of Amendment 7 to the Arkansas Constitution, which reserves to the people the power to enact state laws and to propose statewide constitutional amendments. See Ark. Const. amend. 7 ("State Wide Petitions") and U.S. Term Limits, Inc. v.Hill, 316 Ark. 251, 872 S.W.2d 349 (1994). The law provides that the Attorney General may approve and certify or substitute and certify a more suitable and correct popular name and ballot title; or he may reject the entire ballot title, popular name, and petition if he determines that the ballot title or the nature of the issue is presented in such a manner that the ballot title would be misleading. A.C.A. § 7-9-107 (c).
Having reviewed your proposed constitutional amendment, ballot title, and popular name pursuant to this authority, it is my determination that your submission must be rejected because it does not fall within the power of initiative under Amendment 7 to the Arkansas Constitution. As recognized by the Arkansas Supreme Court, Amendment 7 cannot empower the people of the State of Arkansas to initiate any measure that falls outside the powers reserved to the states and their citizens by the United States Constitution. Donovan v. Priest, 326 Ark. 353, 931 S.W.2d 119 (1996). The court in Donovan explained this principle as follows:
 `[t]he voters of this state essentially have, within constitutional limits, a right to change any law or any provision of our Constitution they deem appropriate through Amendment 7 to the Constitution.' Dust v. Riviere, 277 Ark. 1, 4, 638 S.W.2d 663, 665 (1982) (emphasis added). Clearly those constitutional limitations derive from both the United States Constitution and this state's constitution. On the federal level, the rights reserved to the states and to the people of the states originate from the Tenth Amendment to the United States Constitution, which provides that `[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people.' Thus, our Amendment 7 cannot empower the people of this state to initiate any measure, law, or amendment which falls outside the powers reserved to the states and their citizens by the United States Constitution.
326 Ark. at 357-58.
Applying this principle to your proposed amendment, I must conclude that Ark. Const. amend. 7 does not authorize this measure, which directs the legislature to "call for the convening of a United States Constitutional Convention," because it falls outside the powers reserved to the people by the U.S. Constitution. Article V of the U.S. Constitution specifically grants to the state legislatures the power to apply to the Congress to call a constitutional convention. Article V provides in pertinent part:
 The congress, whenever two thirds of both houses shall deem it necessary, shall propose Amendments to this Constitution, or, on the application of the legislatures of two-thirds of the several states, shall call a convention for proposing amendments, which, in either case, shall be valid to all intents and purposes, as part of this Constitution, when ratified by the legislatures of three-fourths of the several states, or by conventions in three-fourths thereof, as the one or the other mode of ratification may be proposed by the congress[.]
U.S. Const., art. V (emphasis added).
The word "legislatures" as used in this so-called "proposal clause" has been held to refer to the legislative bodies of the states, and not to the people through the initiative. See Donovan, supra (and cases discussed therein). It thus seems clear that Amendment 7 to the Arkansas Constitution does not reserve to the Arkansas voters the power to compel the legislature to call for a national constitutional convention. I must therefore respectfully decline to certify a popular name and ballot title for this measure.
Sincerely,
MIKE BEEBE Attorney General
MB:cyh